**STATE of Utah, Plaintiff and Respondent,**

v.

**Joseph L. EK, Defendant and Appellant.**

No. 13226.

Supreme Court of Utah.

Sept. 9, 1974.

David H. Day, Jay V. Barney, Murray, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a conviction of robbery and makes the following assignments of error:

1. The trial court denied a defense motion to suppress which was based on a claim that the method of identifying the defendant was improper.

2. The trial court refused to permit a witness who had testified to act as interpreter for a deaf-mute witness called to the stand.

■ The victim of the robbery was shown a picture of the defendant and then permitted to view him in a hospital, where the victim recognized defendant as being one of the robbers. At the time, no charge had been filed against the defendant, and the officers were merely attempting to ascertain who committed the crime. There was nothing improper about the method used to secure the identification, and the trial court properly refused to suppress the evidence.

■ The defendant called three witnesses who testified to his alibi and then called a deaf mute as a fourth alibi witness. The daughter of the deaf mute had already testified and was called as an interpreter for her mother. Counsel for the State objected on the ground that there was an exclusion rule in effect and the daughter would not be a proper person to act as interpreter. Counsel for defendant, in making a proffer of proof, stated that the testimony would be cumulative. The court sustained the objection and explained his ruling as follows:

I will explain to you, because I think you are entitled to have an explanation as to why I am sustaining Mr. Gammon's objection. The interpreter has testified to the same events. I would not wish to place a strain on your proposed interpreter's willingness to interpret, particularly on cross-examination, correctly an answer which would conflict with the

person who is serving as interpreter's own testimony.

In view of the fact that the court upon proper request had ordered witnesses to be excluded while other witnesses were testifying and further that the proffered interpreter had already testified in the matter, we do not think the trial court abused his discretion in refusing to permit the daughter to act as an interpreter. No other interpreter was called in lieu of the daughter, and no request was made for a continuance to secure another. Even if there was error (which we do not think there was), it was harmless, since three witnesses had already testified to the alibi of the defendant.

The judgment is affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.